## H. K. THURBER & CO. v. THE TOWN OF RICHMOND.

*Replevin of Intoxicating Liquor.    Replevin Bond.    Gen. Sts.*
*ch. 94, §§ 40, 41.    Ib. ch. 35, § 13.*

The provisions of §§40, 41, ch. 94, of the Gen. Sts., relating to the replevin of liquor
seized by an officer as intoxicating, do not dispense with the necessity of a replevin
bond in such cases, as required in other cases of replevin.

The replevin of liquor seized on complaint and warrant as intoxicating, is of that class
of replevin provided for in § 13, ch. 35, of the Gen. Sts.; and a bond like that required
in replevin by a defendant, of goods attached on mesne process, is not proper in such
cases.

In replevin for liquor seized as aforesaid, where the action was dismissed for want of a
proper replevin bond, it was *held*, that the defendant was entitled to a judgment for a
return of the property, with damages for the taking thereof by the replevin, and to
an order that the replevying officer return the property to the defendant, at the place
whence he took it.

REPLEVIN for a quantity of intoxicating liquor belonging to
the plaintiffs, and detained by the defendant by virtue of a com-
plaint and warrant for search and seizure issued against the Cen-
tral Vt. Railroad Co.   The writ commanded the officer to deliver
said liquor to himself, and to keep the same in his possession
until the final determination of said suit, provided a sufficient
bond were given, in the penal sum of double the value of the
property to be replevied, with sufficient sureties, conditioned to
prosecute said replevin to final judgment, and pay such costs and
damages as the defendant should recover therein, and also to
return said property in case such should be the final judgment
of the court.   The declaration alleged that said town, on the 7th
of July, 1873, at the freight depot in said Richmond, seized, at-
tached, and took away said liquor, &c.   The bond taken and re-
turned by the officer, was conditioned for the return of said
property, that it might be taken on an execution which might is-
sue on a judgment to be recovered in said proceedings on com-
plaint and warrant, or to otherwise discharge such judgment
within sixty days from the rendition thereof; and was not condi-
tioned for the payment of such damages and costs as the defend-

ant should recover in said replevin, nor for a return of the property in case such should be the final judgment of the court. The writ and bond were dated July 31, 1873. The defendant moved to dismiss for want of a proper bond, and for damages and costs, and a return of the property.

The court, at the September term, 1873, PIERPOINT, Ch. J., presiding, sustained the motion and dismissed the action, and rendered judgment for the defendant to recover costs, and for a return of the property, and ordered that the replevying officer return the same to the defendant, at the place whence he took it. Exceptions by the plaintiffs.

—— ——, for the plaintiffs.

This liquor was not taken from the hands of the seizing officer, nor " from his possession." The writ shows that it was taken from the town of Richmond. Hence, §§ 40 and 41, ch. 94, Gen. Sts., do not require the officer serving the replevin writ to keep the liquor in his possession. He is not required to keep it in any case, except when he takes it from the *possession* of the seizing officer. The *order* of return was, therefore, erroneous. It was the duty of the officer to have delivered the liquor as soon as replevied, to the plaintiffs. His bond was his receipt; and if not good, it was his own fault, and trover or trespass would lie against him, if the bond taken is void. *Briggs* v. *Gleason*, 29 Vt. 78; *Driscoll* v. *Place*, 44 Vt. 252. If §§ 40 and 41 of ch. 94 apply to the liquor in this suit, they apply to it into whosoever hands it may go. If this is so, as far as this case is concerned, we say holding the liquor by the officer, is intended as a substitute for the replevin bond.

As to damages, the defendant is not entitled to any if the case is dismissed—and to only nominal damages on trial of the merits; as the officer holds the goods as much for the defendant as for the plaintiff.

The omission to take a bond with sufficient sureties, does not invalidate the writ, but only subjects the sheriff to an action. *Vaiden* v. *Bell*, 3 Rand. 448; *Simonds* v. *Parker*, 1 Met. 508. Then if the defendant in replevin at common law, is only entitled

to his pledges for cost the same as in other actions, what is the remedy to be advanced by our statute ? It is the security for the return; and the law provides that the officer shall be liable to the defendant in case he takes no bond, or an insufficient one. *Bank of Middlebury* v. *Rutland*, 33 Vt. 414. The bond stands in lieu of the property. *Webster* v. *Price*, 1 Root, 56 ; *Bruce* v. *Davenport*, 1 Root, 261. The officer is not bound to follow the erroneous directions in the writ *Simonds* v. *Parker*, *supra*; *Bent* v. *Bent*, 43 Vt. 42. It was an erroneous direction in the writ, to require the officer to replevy the liquor, and hold the same in his possession until the final determination of the replevin suit.

If the condition of a bond is impossible at the time of making it, the condition alone is void, and the bond shall stand single. 2 Bl. Com. (21 ed.) 340; Broom Leg. Max. 168; Co. Lit. 225; *Sanderson* v. *Coward*, 15 M & W. 48 ; *Duvergier* v. *Fellows*, 2 Bing. 265. It would seem, also, that if a person covenants to perform an act which, at the time of the covenanting, is impossible of performance, he is nevertheless liable in damages for his breach. Broom. Leg. Max. 225 ; *Laffnell* v. *Constable*, 7 A. & E. 805 ; 1 Shep. Touch. 164. An irregular replevin bond is not void. *Simonds* v. *Parker*, *supra*.

This bond executed is good. Its condition is to return the liquor when it is legally forfeited to the town as against these plaintiffs. The sheriff in the writ is commanded to hold possession of the liquor until the final decision of this replevin, and if the 40th and 41st sections of ch. 94 apply to this case, it was not necessary to say anything about the return of the property, for he has no property to return—the court has the property in the hands of its officer. But, on the other hand, if those sections do not apply to this case, then the bond is such as the statute requires.

*Daniel Roberts* and *Robert Roberts*, for the defendant.

This is a case of replevin of the third class specified in Gen. Sts. ch. 35, § 13. The bond and condition are prescribed in § 15, the condition to be as prescribed in the third section. By reference to the third and fourth sections of this chapter, as printed, it is evident that the reference intended in § 15, was to the second and third sections ; and this error came by dropping out in this

revision, § 2 of the act in the Comp. Sts.  But this error cannot mislead; for the reference is to a section of the act which prescribes the *condition* of the bond, which, on reference, is seen to be the second, and not the third section.  The court sanctioned the reading of a statute against its "plain and unambiguous words," in *Ryegate* v. *Wardsboro*, 30 Vt. 746.  Much more may they disregard this literal error.  But this reference to the third section is well enough as it stands, for the third section itself refers to the second, by the words "*such bond*," that is, the bond with such condition as is specified in § 2.  The bond taken in this case was such only as is prescribed in the case of goods attached on mesne process, and replevied by the debtor.  That is not a *suit* at all.  *Green* v. *Holden*, 35 Vt. 315.  And such bond is inappropriate to this case—furnishes no security to the defendant —and subjects the action to a dismissal, for want of compliance with the condition prescribed by the statute for maintaining it. *Campbell* v. *Morey*, 27 Vt. 575.

The order made upon the officer for a return of the goods, is sanctioned by § 26 of the same statute.  Its propriety is manifest from the fact that the bond given furnished the defendant no security; that the property remained in the hands of the officer; and that he had removed it to a distant county.


The opinion of the court was delivered by

WHEELER, J.  This action was evidently intended to be, and it is considered to be, an action of replevin of the class provided for in § 13 of the chapter on replevin in the general statutes. Gen. Sts. ch. 35.  The different kinds of replevin were provided for in the compiled statutes substantially as in the general statutes.  The bond in this class of replevin was required by § 16, and described by reference to § 3 in the chapter on replevin in the compiled statutes.  When the general statutes were made, § 2 of that chapter of the compiled statutes was dropped out, so that §§ 3 and 16 of the compiled, became §§ 2 and 15 of the general, statutes; but the reference back to preceding sections was not changed to correspond in § 15.  This discrepancy was corrected by No. 65 of the Acts of 1870, p. 104.  Perhaps § 15, without the amendment, would, by fair construction, have required

such a bond as was described in § 2; but, whether it would or not, the amendment went into effect long before the writ in this case was issued, and that makes the requirement explicit and clear. The bond taken in this case is like that required in replevin brought by a defendant, of goods attached on mesne process against himself, and does not bind the obligors for a return of the property in case such shall be the final judgment, as is provided in § 2 in respect to this kind of replevin. The statutes in relation to the traffic in intoxicating drinks, treat such drinks when kept for sale contrary to law, as mischievous and dangerous things; and §§ 40 and 41 of the chapter on that subject, Gen. Sts. ch. 94, appear to have been enacted to prevent the taking by replevin of liquors seized on complaint for being so kept, and putting them beyond reach of confiscation or destruction before the proceedings for condemnation could be ended, and not for the purpose of changing the form of any of the proceedings in replevin, further than would be necessary to accomplish that result. The mode of serving the writ, so far as the disposition of the property replevied during the pendency of the replevin suit was concerned, was changed. But the requirements as to bonds were not expressly changed. The need of security by bond for a return of the property replevied, might be less where the property was required by law to be kept by the officer, than where it was to be delivered to the plaintiff; but such security might not be wholly useless in the former case, and it cannot be presumed, without any enactment providing for dispensing with it, that the legislature intended that it should be dispensed with. This bond was, therefore, materially defective, and this defect was good cause for dismissing the suit. *Campbell* v. *Morey*, 27 Vt 575; *Bent* v. *Bent*, 43 Vt. 42.

Upon the judgment dismissing the action, the defendant, as the case stood, was entitled to a return of the property. *Collamer* v. *Page et als*. 35 Vt. 387. Where the property replevied is delivered to the plaintiff, as is done in common cases, the usual judgment is for a return of the property by the plaintiff, who has, or is supposed to have, the custody of the property. In this case the writ, whether properly or not is immaterial to this question, commanded the officer to deliver the property to himself, and to

keep it until final action should be had.   The statute, § 40, ch.
94, before mentioned, required the property to be held by him
until the final determination of the replevin suit.   It was to be
presumed that he had done his duty by obeying the writ and the
statute, and that he had the property ready to be disposed of by
the judgment according to the statute.   The statute required it
to be delivered to the plaintiff if the judgment should be for him,
otherwise to be delivered to the defendant.   The statutes of re-
plevin in respect to the judgment ·in such a case are very broad.
They provide that " upon the abatement, dismissal, nonsuit, de-
fault, or trial of any action of replevin, the court shall make such
order for the return or restoration of the goods as shall be just,"
&c.   Gen. Sts. ch. 35, § 26.   When the proceedings showed the
goods to be in the hands of the officer, and both the law and the
judgment required them to be delivered to the defendant, it was
clearly just that the officer should be ordered to so deliver them.
The order made in this respect was such as the statute required,
and was proper.   According to § 16 of the chapter on replevin,
the defendant was entitled, not only to a judgment for a return of
the goods, but also, " with damages for the taking thereof by the
replevin."   In *Collamer* v. *Page et als.*, before cited, and cited
for the plaintiffs upon the point as to damages, it was held that in
that case, which was replevin for sheep, and was dismissed on
motion of defendants, without trial, the defendants could not have
judgment for damages for wool taken from the sheep by the plain-
tiff while he held them by the replevin.

In the course of the opinion the learned Chief Justice POLAND,
who delivered it. said that there was " something strangely incon-
gruous in rendering a final judgment for damages against a party
for taking property, the title to which is disputed, where the same
has not been settled, and the party is still at full liberty to litigate
the title."   This language, taken by itself, would indicate that
there could not properly be any judgment for the defendant for
damages in the case now under consideration.   But of course the
language is to be understood with reference to the question then
under consideration, which was, whether the defendants in that
case could recover there for the wool that was a material part of
the property that was replevied, and not whether they could re-

cover there for the vexation of being dispossessed of the property replevied by the taking of it on the writ. This passage in the opinion, therefore, may not show either the opinion of the court or of the chief justice upon this latter question. The judgment for a defendant for a return of the property on nonsuit, abatement, or dismissal of the action, or otherwise than by judgment on the merits, although, as held in that case, it would not conclude the parties as to the right to the property itself, nor to damages for what was a part of it, would be conclusive in favor of the defendant as to the taking of it by that writ; and according to § 16 of the statute before cited, would conclusively entitle him to " damages for the *taking* thereof by the replevin." The English statute, 21 Hen. 8, c. 19, s. 3, contained a provision giving a defendant in replevin damages and costs on the nonsuit of the plaintiff in certain cases, as well as on judgment on the merits ; and it was held that the damages recoverable under that statute were " given as a recompense for the trouble and vexation to which the replevin " had subjected the party. Ham. N. P. 490 ; Esp. N. P. 377 ; Bac. Ab. Replevin and Avowry, L. Our statute is similar to that in this respect, and the language of it indicates that it was intended to have the same construction. As suggested in *Collamer* v. *Page et als.*, the judgment for damages would probably conclusively establish the right of the party to the damages recovered. But, as also there suggested, the determination of the suit and judgment for a return would also establish that the property was irregularly taken, and the right to damages for the dispossession by that taking would directly follow. But, if that decision had settled that, as the law then stood, no damages could be awarded in such a case. Section 26 of the chapter of the general statutes on replevin, has since been enacted, and it fully provides for the taking of such inquest of damages as the rights of the parties may require, and rendering judgment thereon in all such cases as this. The judgment dismissing the action and for a return, showed that the defendant was entitled to at least nominal damages for the dispossession, and this statute would clearly warrant the judgment for such damages.

Judgment affirmed.