Hon. JAMES BARRETT,
Hon. HOMER E. ROYCE, } Assistant Judges.
Hon. H. HENRY POWERS,

---

### LEONARD FISK *v.* JOHN WALLACE.

*Replevin. Appellate Jurisdiction of the County Court.*

In replevin before a justice, appealed to the County Court, the *ad damnum* was $20, and the property was appraised at $6. The appeal was dismissed on motion, for that the County Court had not appellate jurisdiction. *Held*, that where the action is brought under the statute, to try the right to property, the matter in demand is the property itself, as well as damages for its taking and detention, and that the appeal was improperly dismissed.

REPLEVIN for two sheep and two lambs, brought before a justice of the peace, and appealed to the September Term, 1878.

The *ad damnum* in the writ was $20, and the return of the officer showed that the property was appraised at $6 at the time it was replevied.

The plaintiff moved to dismiss, for that the County Court had no appellate jurisdiction; and the court, DUNTON, J., presiding, sustained the motion, *pro forma*, and dismissed the appeal; to which the defendant excepted.

*Redington* and *Butler*, for the defendant.

The County Court had jurisdiction. Gen. Sts. c. 30, s. 24; c. 31, ss. 18, 63; Acts of 1876, No. 64; 1 Chit. Pl. 162, 395; 3 Bl. Com. 13, 146, 170; 1 Kent Com. 462. The value of the property should be taken together with the *ad damnum*. 1 Chit. Pl. 162.

But at any rate the appeal should not have been dismissed on motion, although the copies of appeal did not disclose a right of appeal, as the right might arise from the character of the defense. An appeal is presumed to be regular until the contrary is shown. The plaintiff should have pleaded. *Johnson* v. *Williams*, 48 Vt. 565.

*J. E. Manley* and *P. R. Kendall*, for plaintiff.

The County Court has not jurisdiction. No. 64, Acts of 1876; Gen. Sts. c. 30, s. 24; c. 31, s. 70. Replevin is sustainable only by statute. *Sprague* v. *Clark*, 41 Vt. 6; *Glover* v. *Chase*, 27 Vt. 533.

No appeal being allowed by special statute, as in forcible entry and detainer and other statutory actions, there may be some doubt whether it would fall within s. 63, c. 31, Gen. Sts. *Griswold* v. *Rutland*, 23 Vt. 324.

The opinion of the court was delivered by

ROYCE, J. This case comes here on exception to the *pro-forma* ruling of the court dismissing the appeal. A motion to dismiss could only be predicated upon what appears of record. Hence the ruling of the court in sustaining the motion can only be justified upon the ground that it appears from the record that the County Court had no appellate jurisdiction. The action of replevin in this State, to try the right to property, is a statutory action, and under the statute upon which this writ was brought,

the right to the property replevied is to be determined, as well as the damage which the replevying party has sustained on account of its unlawful taking and detention. If the *ad damnum* in the writ is more than $20, that, under the general provision of the law relating to the right of appeal, makes the suit appealable. Here the *ad damnum* was $20. That indicates the amount of damage that the plaintiff claims for the taking and detention. The matter of demand was the property described in the writ and the damages claimed by the *ad damnum* for its taking and detention. These two things constituted the subject-matters of the litigation. The return of the officer, which is a part of the record, shows that the value of the property the title to which was a matter of demand, and to be settled in that writ, was $6. That sum, with the amount claimed as damages for its taking and detention, exceeded the sum of $20, and made the writ appealable.

*Judgment reversed, and cause remanded.*