HENRY BARRUEL, Appellee, v. WILLIAM K. IRWIN, Appellant.

*January 21, 1882.*

APPEALS FROM JUSTICE OF THE PEACE. (1) *District court governed by what laws as to jurisdiction and procedure.*

REPLEVIN. (2) *Value must be stated in affidavit, or writ will be quashed: Statute requiring this not repealed.*

SAME. (3) *Omission to state value in affidavit not cured by verdict.*

DEMURRER. (4) *Rule that pleading over waives demurrer is not applicable in justice's court.*

COURT OF JUSTICE OF THE PEACE. (5) *Replevin: Plea of not guilty not presumed where not, in fact, made.*

APPEAL FROM JUSTICE. (6) *Jurisdiction of justice must appear in order to enable district court to try case de novo.*

REPLEVIN. (7) *Dismissals in, under statute.*

SAME. (8) *Dismissals for fatal irregularity in affidavit.*

SAME. (9) *Property lost or destroyed, remedy of defendant.*

1. District courts, in the trial and disposition of causes upon appeals from justices' courts, are to be governed by the same laws relating to jurisdiction, and the kind of judgments to be entered, as well as the nature of the pleadings and the modes of acquiring jurisdiction by the court of the parties and subject matters within such jurisdiction that are prescribed by law to be observed in like proceedings before justices of the peace. That is, the district court upon appeals from justices of the peace sits as a court of special and limited jurisdiction, and not of general jurisdiction.

Barruel v. Irwin.

2. The statute required the affidavit for a writ of replevin to be issued by a justice of the peace to state the value of the goods or chattels sought to be replevied, but in a subsequent section it prescribed a form for such an affidavit, in which the statement as to value was not included.

*Held,* That the adoption of this form in the statute was not a repeal of the preceding section requiring the value to be given.

*Held,* That the affidavit for a writ of replevin before a justice of the peace must contain an averment of value in order to authorize the issuing of the writ. That such statement of value was necessary in order to show that the justice had jurisdiction, and, also, in order to estop the plaintiff from showing a different value should it become his interest to do so. And the affidavit being insufficient because it contained no statement of value, the writ should have been quashed.

3. Where the affidavit in replevin before a justice of the peace omits to state the value of the property, and is objected to for this reason, but the objection is overruled, trial had and verdict rendered, the defect in the affidavit is not cured by the verdict.

4. The rule that pleading over by a defendant to a declaration adjudged good on demurrer is a waiver by him of any right he might have had to question in the appellate court the correctness of the decision by the lower court on such demurrer, is a technical rule respecting written pleadings in a court of general jurisdiction. In an action of replevin, before a justice of the peace, a motion to quash the writ for a defect in the affidavit was made and overruled, after which the parties proceeded to trial.

*Held,* That the motion to quash was not, in effect, a demurrer, and that pleading and going to trial after the motion to quash was not a waiver of the defect in the writ.

5. Where, in an action of replevin, before a justice of the peace, no plea of not guilty was ever filed, nor, if oral, was it entered upon the docket of the justice, no such plea can be assumed to have been made.

6. On appeal from a justice of the peace, the district court has no right to proceed to trial *de novo*, without having before it a *prima facie* case showing that the justice had jurisdiction. Such jurisdiction cannot be presumed.

7. Section 53 of the act relating to justices of the peace (Gen. Laws N. M., Prince ed., 96) providing that, "If the plaintiff discontinue, suffer a nonsuit, or if he should otherwise fail to prosecute his suit to final judgment, it shall be the duty of the justice to summon a jury as hereinbefore provided, to impanel and swear the same to inquire and assess the value of the goods and chattels replevied, together with adequate damages for the detention of the same; or, if on trial of the issue joined the jury shall find for the defendant, the value of the goods and

chattels, together with adequate damage for the detention thereof, shall
be assessed by the jury, and the justice shall render judgment in favor
of defendant for such value and damages so found by the jury, but,
if the jury shall find that the defendant did detain such goods, and
that they were the property of the plaintiff, they shall assess adequate
damages for such detention," relates exclusively to actions of replevin
that have been in all respects regularly and properly commenced and
the statute fully complied with so that so far as the regularity of the
proceedings is concerned, a trial upon the merits might have been had.
It does not apply to dismissals for irregularity, *e. g.*, defect in affidavit
occasioned by omission to state value of property replevied therein.

8.  If the action of replevin is dismissed for an irregularity which pre-
cludes a trial upon the merits, *e. g.*, a defect in the affidavit, consist-
ing of an omission to state the value of the property, the court is to
order a return of the property to the defendant with nominal dam-
ages; but there should be no assessment of value or of damages by a
jury and judgment therefor. The plaintiff is not precluded by this
from bringing a new action to determine his right to the property.

9.  If, during the pendency of the proceedings in replevin the property
shall have been lost, destroyed, or disposed of so that no return
thereof can be made, the only remedy of the defendant would seem
to be either to sue on the bond, or to sue for damages for the unau-
thorized and unlawful taking and conversion of the property.

Appeal from the District Court of Colfax county, PRINCE, J.

This is an action of replevin brought before FRANCIS
MAYLAND, a justice of the peace, in precinct No. 2, Colfax
county, on the fourth day of June, 1881, by Henry Barruel,
plaintiff below, against William H. Irwin, defendant below,
for the recovery of a gray mare.

Plaintiff's action was based upon an affidavit made by him,
that he had "good right to the possession of the following
described goods and chattels, and that the same were wrong-
fully detained by the said William K. Irwin, one gray mare."
Upon such affidavit, the justice issued his writ of replevin,
the property was replevied, a trial had and a verdict and
judgment rendered in favor of plaintiff, from which defend-
ant appealed to the district court for Colfax county.

Afterwards, at the August term, A. D. 1881, of said court
held in said county, the defendant filed his motion to quash

the writ, and dismiss said cause and alleged and set forth the following reasons therefor:

*First.* It does not appear from the affidavit or otherwise, that the justice had jurisdiction to try said cause.

*Second.* No affidavit as required by law was filed by the plaintiff to authorize the issuance of the writ.

*Third.* The affidavit filed in said cause does not state the value of the property claimed.

*Fourth.* The affidavit filed does not contain any sufficient description of the property claimed.

Which motion was by the court denied, to which defendant then and there excepted.

The cause was thereupon tried by a jury in said court, and a verdict returned in favor of the plaintiff, upon which verdict the court rendered judgment for plaintiff. Defendant, by his counsel, then entered motions to arrest judgment, and for a new trial, which were denied.

He therefore brings this cause here by appeal, and relies upon the following grounds for a reversal of the judgment of the court below. viz.:

*First.* It does not appear from the affidavit or otherwise, that the justice of the peace had jurisdiction to try said cause.

*Second.* No affidavit, as required by law, was filed by the plaintiff to authorize the issuance of the writ.

*Third.* The affidavit filed in said cause, does not state the value of the property claimed.

*Fourth.* The affidavit filed does not contain any sufficient description of the property claimed.

*Frank Springer* and *Catron & Thornton,* for appellant.

As to the first ground of exception, it is absolutely necessary that the affidavit in an action of replevin before a justice of the peace, should set forth such a statement of facts as will clearly confer jurisdiction. Justice's courts are courts of special, limited and inferior jurisdiction, and their authority is derived wholly from the statutes, and must be

strictly pursued: *Matlock v. Strange*, 8 Ind., 57; *Evans v. Pierce*, 3 Ill. (2 Scam.), 468; *Pendleton v. Fowler*, 6 Ark., 41; *Reeves v. Clark*, 5 Ark., 27; *Martin v. Fales*, 18 Me., 23; *Levy v. Sherman*, 6 Ark., 182; *Everett v. Clements & Thompson*, 9 Ark., 478; *Williams v. Bower*, 26 Mo., 601; *Butler et al v. Wilson*, 10 Ark., 313; *Van Bibber v. Van Bibber*, 10 Humph., 53.

As to the second ground of exception, the statute has clearly set forth what the affidavit in replevin before a justice of the peace shall contain (Prince's General Laws of New Mexico, page 95, sec. 50), and without such specific compliance with the statute, the justice has no authority to issue his writ or to proceed in any other respect in the cause. In such a proceeding he derives jurisdiction, if at all, wholly from the affidavit which is the foundation of the suit.

The jurisdiction of a justice of the peace must appear from the records of the proceedings and will not be presumed: *Reeves v. Clark*, 5 Ark., 27; *Jolley v. Foltz*, 34 Cal., 321; *Trader v. Kee*, 2 Ill. (1 Scam.), 558; *Straughan v. Inge*, 5 Ind., 157; *State v. Hartwell*, 35 Me., 129; *Lane v. Crosby*, 42 Me., 327; *State v. Hall*, 49 Me., 412; *Bridge v. Ford*, 4 Mass., 541.

As to the third ground of exception, an allegation of the value of the property is necessary to give jurisdiction to the justice. The language of the statute not only is positive, but prohibitory. It declares that no writ of replevin shall issue, unless the plaintiff, etc., shall file an affidavit with the justice, stating, etc., and stating the value of the property, and every writ of replevin issued without such affidavit shall be quashed: General Laws N. M., p. 95, sec. 50.

There is nothing in the form prescribed in the justice of the peace act in conflict with this, or which in any manner supersedes the necessity of stating value. In construing two statutes relating to the same subject, that which is positive and certain must prevail: In the matter of Watts,

1 New Mexico, 541; Potter's Dwarris on Statutes, etc., 110, 154 and 155.

As to the fourth ground of exception, the description, "one gray mare," is too vague and indefinite. The property should be described with such particularity that a judgment in the case could be pleaded in bar in another action.

Furthermore, the value is part of the description, just as material and essential as any other; the purpose of a description is to enable the court to act in the case, to determine the propriety of the remedy sought, its jurisdiction to try, and its capacity to render a judgment. If the description fails to furnish the court with this information, it is fatally defective.

In this respect the affidavit does not comply with the form prescribed, which requires that it shall describe the goods and chattels.

Jurisdiction of courts of limited jurisdiction must appear from the record:  8 Peters, 444.

If legislature prescribes a rule, although it may be technical, the court is bound by it :  7 Wall., 310, 311.

Appearance does not waive want of jurisdiction of the subject matter:  *United States v. Yates*, 6 How., 608; 29 Conn., 417; 30 Ala., 602.

*Breeden & Waldo*, for appellee.

The affidavit for replevin was sufficient, as it literally followed the form prescribed by the statute :  Prince's Statutes, sec. 124, page 109; Prince's Statutes, Form, page 113.

The description of the property was sufficient, as it appears that the officer who held the writ was able to find and did find the property sought to be replevied.

A description in replevin need only to be sufficient to enable the officer to find the property and execute the writ: *Hill v. Robinson*, 16 Ark., 90; *Stevens v. Osman*, 1 Mich., 92; *Farwell v. Fox*, 18 Mich., 166.

The defendant's objection to the affidavit came after he had appeared and pleaded and after a trial upon the merits.

It was, therefore, too late: *Brown v. Keller*, 32 Ill., 151.

A motion based upon irregularity in issuing the writs, or insufficiencies in the affidavit, comes too late after pleading to the merits. Such irregularities and insufficiencies are waived by pleading to the merits, and cured by verdict: *Frink v. Flanagan*, 6 Ill., 35 ; *Smith v. Emmerson*, 16 Ind., 355 ; *Bales v. Scott*, 26 Ind., 202.

The affidavit and writ in this case, if defective, were amendable: *Jacques v. Sanderson*, 8 Cush., 271 ; *Frink v. Flanagan*, 6 Ill., 35 ; *Perkins v. Smith*, 4 Blackford, 299 ; 8 Hump. (Tenn.), 697 ; Prince's Statutes, 119.

If the affidavit was amendable, insufficiencies and defects therein were cured by verdict: *Haverhill v. Cronin*, 4 Allen (Mass.), 141 ; *Robinson v. English*, 34 Pa. State, 324 ; *Bean v. Mitchell*, 13 Mich., 207 ; *Lane v. Maine M. F. Ins. Co.*, 12 Me., 44.

The defendant's motion to quash in the district court was in effect a demurrer, and the objection was waived by pleading over : *United States v. Boyd*, 5 Howard, 29 ; *Walkins v. United States*, 9 Wall., 762 ; *Beall v. Terty*, 1 New Mex., 513.

The defendant had two trials on the merits and two verdicts against him. Substantial justice having been done, the court should not disturb the judgment: *Dawson v. Wisner*, 11 Iowa, 36 ; *Karney v. Paisley*, 13 Iowa, 89–94 ; 46 Ill., 112 ; 47 Ill., 178 ; 5 Ohio, 109 ; 1 Peters, 183 ; 1 Ohio, 355.

BRISTOL, Associate Justice: This is an action of replevin originally before a justice of the peace of Colfax county, in the first judicial district, by Henry Barruel, for the recovery of the possession of a domestic animal described as a " gray mare," and for damages.

The case was tried before the justice by a jury, who ren-

dered a verdict in favor of the appellee and against William K. Irwin, the appellant, on the main issue and for damages in the sum of five dollars.

It does not appear from the record that any formal judgment was entered by the justice on this verdict, and perhaps none was necessary for the purpose of an appeal to the district court.

The case was appealed on behalf of the appellant to the district court for that county. A trial *de novo* was held in that court before a jury, who rendered a verdict of guilty against the appellant. No value of the property replevied or damages seem to have been assessed by the jury.

The only judgment rendered by the court below was that the appellee (plaintiff below), Henry Barruel, "have and retain possession of the property heretofore replevied herein, and also that he recover of the said defendant (appellant here), William K. Irwin, his costs in this behalf expended as well as in the court below (justice's court) as in this court (the district court below) taxed at $38.60, and that he have execution therefor." The case is here by appeal from that judgment.

The affidavit for the writ of replevin made before the justice, and on which the case was originally tried before him and on which a trial *de novo* in the court below was had, is as follows :

"HENRY BARRUEL )
v. .
WILLIAM IRWIN. )

"The above named Henry Barruel, being duly sworn, says that he has good right to the possession of the following described goods and chattels, and that the same are wrongfully detained by the said William Irwin, one gray mare.

"HENRY BARRUEL.

"Sworn to and described before me, )
this 4th day of June, 1881.      )

"FRANCIS MAYLAND,
"*Justice of the Peace Precinct No. 2, Colfax County.*"

On this affidavit a writ of replevin in the usual form was issued by the justice and placed in the hands of a constable to be served.

The constable returned the writ of the justice with his written indorsement thereon as to his doings thereunder, as follows:

" Served on the 4th day of June, 1881.

"F. E. FRANKLIN,
*"Constable."*

The affidavit for a writ of replevin, and the writ itself with the aforesaid return of the constable indorsed thereon, being in this condition, the case was presented to the court below for trial; but before any other proceedings therein took place, the appellant, by his attorney, appeared and interposed the following motion, viz.: "Now comes the said defendant and moves the court to quash the writ in the above entitled cause, and to dismiss said cause for the follow ing reasons:

"*First.* It does not appear from the affidavit or otherwise that the justice had jurisdiction to try said cause.

"*Second.* No affidavit as required by law was filed by the plaintiff to authorize the issuance of the writ.

"*Third.* The affidavit filed in said cause does not state the value of the property claimed.

"*Fourth.* The affidavit filed does not contain any sufficient description of the property claimed."

This motion was argued by counsel for the respective parties, and after being submitted, was overruled by the court, and an exception to such ruling was taken by the appellant. After this, leave was granted for the officer to amend his return to the writ by showing service on the defendant, and taking the " chattel described in the writ, to wit, the gray mare," from the defendant, and delivering the same to the plaintiff before the return day of this writ. The parties then went to trial, resulting in the verdict and judgment aforesaid.

The only question raised by the appellant is whether the overruling the motion to quash the writ by the court below, is such error as will justify this court in reversing or modifying the judgment below.

Section 77 of the act relating to justices of the peace as to appeals, provides as follows : " The case upon such appeal shall be tried *de novo*, and the same rules shall govern the district court in said trial, that are prescribed for the government of justices' courts :" General Laws N. M., Prince's ed., 101.    We understand from this that district courts, in the trial and disposition of causes upon appeals from justices' courts, are to be governed by the same laws relating to jurisdiction and the kind of judgments to be entered, as well as the nature of the pleadings and the modes of acquiring jurisdiction by the court, of the parties, and subject matters within such jurisdiction, that are prescribed by law to be observed in like proceedings before justices of the peace. That is, the district court, upon appeals from courts of justices of the peace, sits as a court of special and limited jurisdiction, and not of general jurisdiction.

In referring to the statutory proceedings before justices of the peace, touching the action of replevin, we find that sections 48, 49 and 50 of said act provide as follows :

Section 48. " Whenever any goods or chattels are wrongfully taken or obtained, the value of which shall not exceed one hundred dollars, an action of replevin may be brought by the person having a right to the immediate possession for the recovery thereof, and the damages sustained by reason of the unjust capture or detention, as is hereinafter specified."

Section 49. " Actions of replevin shall in all cases be commenced by a writ which shall be returnable in the same manner as a summons."

Section 50. " No writ of replevin shall issue unless the plaintiff, his agent or attorney, shall file an affidavit with the justice, stating that the goods and chattels are wrongfully

detained by the defendant, and stating the value thereof, and that he has a right to the possession thereof; and every writ of replevin issued without such affidavit, shall be quashed at the cost of the plaintiff : *Id.*, 95.

Section 124 of the same act is as follows, viz. : " The following forms are prescribed for the use of justices of the peace in the actions mentioned; and shall be used by them. in all cases :" *Id.*, 109.

After which follow various forms, and among them is a form for an affidavit for a writ of replevin, as follows :

" A. B. } In replevin before E. F., Justice of the Peace for ............. 
" C. D. } township, in ............ county.

" The above named A. B., being duly sworn, says, that he has good right to the possession of the following described goods and chattels, and that the same are wrongfully detained by the said C. D. (here describe goods and chattels.)

" Sworn to and subscribed before me, } ..............................
this.... day of .......... 18 . } *Justice of the Peace."* *Id.*, 113.

It will be observed that in this form of affidavit, the allegation of value of the property to be replevied, required by the aforesaid section 50, is omitted.

The affidavit in this case is in pursuance of this form, and omits the averment of the value of the property.

By no rule of construction of statutes can the adoption of this form, under the circumstances, be construed as a repeal of as much of said section 50, as requires an averment of value in the affidavit. Both of these sections, with all their provisions, are still in force. There is no inconsistency or conflict between them that cannot be perfectly harmonized. The averment of value in the affidavit is as necessary now as before the adoption of the form. The provisions of said section 50 being still in force, they must be considered as controlling the form. The affidavit, therefore, among other requirements, must contain an averment of value in order to

authorize the issuing of the writ. It is a necessary and substantial requirement, and something more than a mere technicality of the law. On general principles applicable to courts of inferior and limited jurisdiction, where nothing can be presumed to be regular, such averment in the affidavit as to the value of the property becomes a necessity in order to show that such value is within, and does not exceed the jurisdiction of the justice. Upon this ground the defendant has a right to insist upon this requirement before going to trial. He also has the right to insist upon to estop the plaintiff from attempting to show a different value, should it become his interest to do so. The statute in this respect is mandatory in its terms, and determines what the result shall be if there is any material omission in the affidavit. Replevin being a special and extraordinary remedy, the provisions of the statute must be strictly complied with : Wells on Replevin, secs. 649, 661, 662 and 664. The overruling the motion to quash the writ for insufficiency of the affidavit, was error. The affidavit was the foundation of the suit: *Id.*, 651. It is what must confer jurisdiction on the justice to entertain the suit upon appeal ; it is what the district court must look to as conferring upon it the right to proceed to a trial *de novo*. The appellant interposed his objections to the sufficiency of the affidavit at the proper stage of the proceedings. They were overruled and excepted to. The questions involved relating to jurisdiction and the ruling erroneous, it became and is reversible in this court. But it is contended, on behalf of the appellee, that inasmuch as the affidavit was amendable, any defect therein was cured by verdict, and we are referred to the case of *Tug Boat, E. P. Dorr, v. Asa E. Waldron et al.*, 62 Ill., 221, as authority. That was an action brought in a court of general jurisdiction by attachment against a vessel, for supplies furnished. In the appellate court it was objected that the proceedings failed to show that the court had jurisdiction, and that the

Barruel v. Irwin.

affidavit did not show that the supplies were furnished at the home port of the vessel, and that she was a domestic vessel. It was held by the appellate court that as the objection was one that might have been obviated by amendment, if made in the court below, it came too late when urged for the first time in that court.

This is not an authority in this case: 1st. Because this action originated in a justice's court, where jurisdiction is never presumed, but must appear affirmatively upon the record; and 2d. The objection was properly raised in the court below and improperly overruled. It is not, therefore, urged for the first time in this court. Defects which would be fatal on demurrer on other forms of legal exception, are never cured by verdict except on the ground that the objection was not interposed at the proper time.

It is further contended on behalf of the appellee that the motion to quash was in effect a demurrer, and that the objection to the affidavit raised thereby was waived by pleading over.

The rule that pleading over by the defendant to a declaration adjudged good on demurrer is a waiver by him of any right he might have had to question in the appellate court the correctness of the decision by the lower court on such demurrer, is a technical rule respecting written pleadings in a court of general jurisdiction. This rule, in our opinion, can have no application to the question now under consideration in this case. There are no formal pleadings by either party appearing of record. The only thing indicating the appellee's cause of action is this defective affidavit for a writ of replevin. Although the statute provides for a formal plea of not guilty on the part of the defendant below (Gen. Laws N. M., Prince's ed., 96), yet no such plea was ever filed, or if oral, none was entered in the docket of the justice, and being a court of special and limited jurisdiction, no such plea by the act of the defendant can be assumed.

The plea of the defendant was in by operation of law, if at all. His appearance in court after having raised by motion the proper objections to the sufficiency of the affidavit and the decision of the court overruling the same, cannot be considered as a pleading over and a waiver of such objections.

The court below had no right to proceed to trial before having before it a *prima facie* case showing that the justice had jurisdiction.

There is nothing upon the record showing the value of the property or the jurisdiction of the justice or of the court below. It cannot be presumed.

Amendments to the affidavit may be permitted to correct mistake and in furtherance of justice, but leave to amend rests in the sound discretion of the court, to be exercised in the first instance with caution : Wells on Replevin, sec. 665, note 6. If it is quashed, the suit is no longer pending for any purpose except to render the proper judgment in favor of the defendant : *Ibid.*, sec. 518. The question here presents itself as to what should be done and as to what kind of judgment should be rendered in case the writ is quashed and the suit dismissed on the sole ground of informality and irregularity. In consequence of such irregularity, there has been no opportunity to try the case on its merits, or in any manner to determine the question of title or right of possession. In such case no evidence of the plaintiff's title can be given, when, perhaps, if an opportunity had been afforded him, he might have been able to show by competent proof, that he was the owner of the property and entitled to its possession : *Ibid.*, sec. 47. Heretofore it may have been considered, perhaps, that sec. 53 of the act relating to justices of the peace (Gen. Laws N. M., Prince's ed., 96), prescribe the kind of judgment to be rendered in such case, and what is to be done as the basis of such judgment. That section provides as follows : * * * "If the plaintiff discontinue, suffer a nonsuit, or if he should otherwise fail to prosecute his suit

to final judgment, it shall be the duty of the justice to summon a jury as hereinbefore provided, to impanel and swear the same to inquire and assess the value of the goods and chattels replevied, together with adequate damages for the detention of the same; or if on the trial of the issue joined, the jury shall find for the defendant, the value of the goods and chattels, together with adequate damages for the detention thereof, shall be assessed by the jury, and the justice shall render judgment in favor of defendant for such value and damages so found by the jury; but if the jury shall find that the defendant did detain such goods and that they were the property of the plaintiff, they shall assess adequate damages for such detention."

This section of our statute, in our opinion, relates exclusively to actions of replevin that have been in all respects regularly and properly commenced and the statute fully complied with, so that so far as the regularity of the proceeding is concerned, a trial upon the merits might have been had. If, after a suit has been in this way regularly and properly commenced, the plaintiff on his own motion dismisses it, such action on his part may be considered as an admission by him that he has no cause of action, and that the defendant is entitled to the property. No such presumption can arise when the suit is dismissed for irregularity on motion of the defendant. We hold, therefore, that the section of the statute last aforesaid does not apply to dismissals of this kind for irregularity. In such case the court would be justified in ordering a return of the property to the defendant, with, perhaps, mere nominal damages; but there should be no assessment of value or of damages by a jury and judgment therefor: *Ibid.*, sec. 518; 35 Vt., 396; 46 Vt., 399; 15 Me., 345. This rule seems very reasonable and just.

If the suit be dismissed merely on the ground of irregularity, there being no opportunity to determine the rights of either party to the possession, the plaintiff could not be pre-

Barruel v. Irwin.

cluded thereby from bringing a new action to determine his right thereto. If, however, upon such dismissal for irregularity, the defendant is to have the same judgment that he would be entitled to on a verdict in his favor upon a trial on the merits, very great injustice might accrue to the plaintiff. If, for instance, upon a dismissal for irregularity, judgment should be rendered in the defendant's favor for the value of the property, instead of for a return thereof to him, in accordance with the provisions of the aforesaid section 53, of the statutes, what kind of new action could the plaintiff bring to recover back the amount of the judgment or to free himself from its obligations by proving himself to be the real owner of the property? The only proper and consistent thing for the court to do under the circumstances would seem to be to follow the rule above laid down and order a return of the property to the defendant with merely nominal damages, and to award him his costs. If this is done the plaintiff will be at liberty to bring a new action for its recovery, wherein the rights of the parties might be determined. On the other hand, if during the pendency of the proceedings, the property shall have been lost, destroyed or disposed of, so that no return thereof could be made, the only remedy of the defendant would seem to be either to sue on the bond or to sue for damages for the unauthorized and unlawful taking and conversion of the property, the same as for any other unlawful taking and conversion, and wherein his right thereto, if any he had at the time, might be established by competent proof.

The judgment should be reversed and judgment in this court rendered in favor of the appellant for a return to him of the property and for his costs, but without damages.

And it is so ordered.