Farnham *v.* Chapman.

## WILLIAM N. FARNHAM *v.* CHARLES A. CHAPMAN.

*Replevin, Title to Property Pendente Lite. Evidence.*

### R. L. s. 1230.

In a replevin suit, where the writ alleges the title to the property to be in the plaintiff, a trial upon the merits determines the ownership; and the plaintiff acquires no title or right to sell the property by filing a bond in accordance with the statute; thus, when during the pendency of a replevin suit, the plaintiff's agent sold the horse replevied and gave his personal warranty of title, and the suit resulted in a judgment for a return of the property, it *was held* in an action for a breach of warranty that evidence was admissible, to show the above facts; and that the purchaser was entitled to recover.

ASSUMPSIT for breach of warranty in the sale of a horse. Plea, general issue. Trial by jury, June Term, 1887, ROWELL, J., presiding.

The court ruled for the purpose of testing the question that the defendant did convey a valid title to the horse to the plaintiff, as against Hope ; that the plaintiff could not recover on his own offer; and directed a verdict for the defendant.

*Eldridge & Slade*, for the plaintiff.

The principal question is whether the defendant could pass a valid title to the horse. The title, as well as the damages, may be tried in an action of replevin. *Fisk* v. *Wallace*, 51 Vt. 418.

In *Collamer* v. *Page*, 35 Vt. 391, the court say as follows : " If the case be tried upon the merits, then of course the question of *title*, or right of possession, is tried, and then if the title or right of possession is found for the defendant, he is entitled to a judgment for a return as a conclusive judgment in chief."

Farnham *v.* Chapman.

The same doctrine is held in other states. *Armel* v. *Leyton*, 33 Kan. 42 ; *Pierce* v. *King*, 14 R. I. 611 ; *Herdic* v. *Young*, 55 Pa. St. 176 ; *King* v. *Ramsey*, 13 Ill. 619.

During the pendency of the suit, the property does not vest in the plaintiff; if it did, there would be no necessity of a judgment. *Lovett* v. *Burkhart*, 44 Penn. 173 ; *White* v. *Dolliver*, 113 Mass. 402 ; 68 Penn. St. 221. If it appears on trial that the defendant is entitled to a return of the goods, he has judgment therefor. R. L. sec. 1233. The defendant could give the plaintiff no better trial than Stapleton had ; hence Farnham got no title. *Lockwood* v. *Perry*, 9 Met. 440, is decisive of this case. *Saunderson* v. *Lace*, 1 Chand. (Wis.) 231. Pennsylvania and Delaware are the only states in which a plaintiff in a replevin suit can give a claim-property bond and pass the title by sale *pendente lite*. Morris, Replevin, 281 *et seq.* ; *Hocker* v. *Striker*, 1 Dall. 245 ; *Pierce* v. *Humphreys*, 14 S. &. R. 23, 25 ; *Balsley* v. *Hoffman*, 13 Penn. 603 ; *Weaver* v. *Lawrence*, 1 Dall. 167.

*L. E. Knapp* and *W. H. Bliss*, for the defendant.

For the purpose of trade, possession of personal property is *prima facie* evidence of ownership. *Dick* v. *Cooper*, 64 Am. Dec. 652 ; *Magee* v. *Scott*, 55 Am. Dec. 49.

The laws of this State, do not, in terms, determine what protection shall be given to third parties purchasing personal property awaiting the action of the courts in determining its title ; and it devolves upon this court to determine what constitutes an " unlawful " detention, within the meaning of section 1230 R. L. And not having been passed upon, the court will, under proper legal restrictions, settle the question in such a way as will best conduce to the public welfare and protect the rights of all parties.

Replevin will not lie for an illegal detention of chattels, when a party comes into possession of them by delivery from a person having special property therein. *Marshall* v. *Davis*, 1 Wend. 109 ; *Carpenter* v. *Stevens*, 12 Wend. 589.

In the common law action, in distress for rent, it is held that the bond is substituted for the property. *Woglam* v. *Cowperthwait*, 2 Dall. 68; *Frey* v. *Leeper*, 2 Dall. 131; Wells, Replevin, 469.

It is the well settled law in Pennsylvania, that a plaintiff in replevin, who has given a good bond and has possession, can sell or dispose of the chattels taken, and pass a title to the purchaser, being answerable on his bond. *Stewart* v. *Wolfe*, 5 Central Rep. 681; *Bane* v. *Lyle*, 68 Pa. 64; Morris, Replevin, 248 (230); *Gray* v. *Wilson*, 4 Watts (Pa.), 39; See also *Acker* v. *White*, 25 Wend. 613.

The defendant's remedy is on the bond. Morris, Replevin, 286. When he retains the property and gives a claim-property bond, the plaintiff's title, if he had any, is turned into a claim for damages.

When the property is likely to perish, the plaintiff is justified in selling or consuming it. Wells, Replevin, 480. See *Gordon* v. *Jenny*, 16 Mass. 465.

Opinion of the court was delivered by

Ross, J. The action of replevin, in this State, is given and regulated by statute. It is applicable to beasts distrained, to goods attached, and to other goods. The requisites of the bond to be given and the form and effect of the judgment in each case are prescribed by statute. Being thus given and limited by statute, little aid can be derived from the decisions of courts in other jurisdictions, unless it is first shown, that they were rendered upon statutes of similar substance and effect. In the case of beasts distrained there is no provision by which a judgment for a return of the property can be rendered, while in the case of goods attached and of other goods, such a judgment may be rendered. But in the case of goods attached, the replevin must be by the defendant in the suit in which the attachment is made, and the suit in replevin is only, in legal effect, a receipt of the property. But in the case of the replevin of other goods, the suit is predicated upon

Farnham *v.* Chapman.

the plaintiff's claim of ownership of the goods, or of right to their possession, and which he claims have been unlawfully taken, or unlawfully detained from him by the defendant. The suit puts in issue the plaintiff's ownership, or right to the possession of the goods as against the defendant. The proper plea to the declaration is, not guilty, and it puts in issue the claim of the plaintiff set forth in the declaration. If upon non-suit of the plaintiff, or upon trial, it appears that the defendant is entitled to a return of the property, he shall have judgment therefor. R. L. sec. 1230, *et seq.* The plaintiff offered to show that Stapleton brought an action of replevin against Hope claiming title to a horse; that pending that action he purchased the horse of Stapleton's agent, the defendant, who gave his personal warranty that by such sale the plaintiff obtained a good and valid title to the horse. The Stapleton replevin suit resulted in a judgment for a return of the horse to Hope. This judgment in favor of Hope not having been satisfied in any way, he brought an action of replevin for the horse against the plaintiff. Judgment therein was rendered in favor of Hope against the plaintiff, the latter making no defence. Upon the plaintiff offering to show these facts, in support of this action upon the defendant's personal warranty of the title of the horse to him, the defendant claimed that his sale of the horse to the plaintiff as the agent of Stapleton conveyed to the plaintiff a valid title to the horse against the judgment for a return of the horse in the replevin suit in favor of Stapleton against Hope, and against the subsequent replevin suit in favor of Hope against the plaintiff; and that if Hope had fully defended the last named suit upon its merits, it would have been so determined. He contends that the bond given by Stapleton took the place of the horse, and therefore Stapleton could deal with the horse as his own against Hope, and all claiming under him. The defendant's counsel cites and relies upon the decisions of the Supreme Court of Pennsylvania and of some other states in which it has been held that under the statutes in those states, or under a practice

that has prevailed, the defendant, in a replevin suit, has the right to give a claim-bond for the property, in which case the property does not pass into the possession of the plaintiff, but the bond takes the place of the property, and the defendant can then convey a valid title to the property; or if the defendant fails to give the claim-property bond, and the property is given into the possession of the plaintiff, the plaintiff may then convey a good title to the property against the defendant, although he should recover in the suit a judgment for the return of the property. But these decisions arising upon statutes unlike those of this State, and under a practice very unlike any that prevails in this State, can furnish but little aid in construing the statutes of this State. In *Collamer* v. *Page*, 35 Vt. 387, *Thurber & Co.* v. *Richmond*, 46 Vt. 395, and *Fisk* v. *Wallace*, 51 Vt. 418, it has been held, and we think correctly, that, when in a replevin suit the plaintiff alleges the title to the property to be in him, a trial of the case upon its merits tries and determines his title to the property as against the defendant in that suit. The bond which the plaintiff must give to entitle him to receive the property into his possession is conditioned, among other things, for a return of the property to the defendant if he fails to establish that he has title to the property, and the judgment in that case is for a return of the property to the defendant. This makes Stapleton's case against Hope one in which his title to the horse was put in issue and determined against him, and Hope obtained a judgment for the return of the horse to him. The plaintiff purchased the horse of the defendant as the agent of Stapleton, *pendente lite*, and could only acquire such right to the horse as Stapleton might in the suit establish that he had. Stapleton failed to establish that he had title to the horse, consequently, the plaintiff acquired no title by the purchase, and could not have successfully resisted Hope's suit in replevin for the horse. Any other holding would nullify the judgment inH ope's favor for the return to him of the horse. But the defendant contends that public policy

favors the free transfer and sale of personal property. By the owner it does, but not by one who sets up an unfounded claim to it. The defendant's contention, carried out, would allow any one desirous of obtaining some article of his neighbor's property, by resorting to a suit of replevin, to obtain it at the appraisal of men, however much the neighbor desired to retain the article for his own use or enjoyment. We think the evidence offered by the plaintiff was admissible, and if found true, entitled him to recover of the defendant.

The judgment of the County Court is reversed and cause remanded.