612 P.2d 1350

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Stephen Thomas HAAR,
Defendant-Appellant.**

**No. 4358.**

Court of Appeals of New Mexico.

May 8, 1980.

Rehearing Denied May 6, 1980.

Writ of Certiorari Denied June 18, 1980.

John L. Walker, Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Santa Fe, Ray Padilla, Asst. Dist. Atty., Albuquerque, Frank A. Murray, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## ON MOTION FOR REHEARING

The Defendant-Appellant has filed a Motion for Rehearing. We grant the Motion for Rehearing. The former opinion is withdrawn and the following is substituted.

## OPINION

ANDREWS, Judge.

Defendant was charged in magistrate court in two counts: one count of criminal damage to real or personal property having a value of less than $1,000 in violation of § 30–15–1, N.M.S.A.1978, and a second count of aggravated battery, a misdemeanor, in violation of § 30–3–5(A) and (B), N.M.S.A.1978.[1] A jury convicted defendant of criminal damage to property and, rather than aggravated battery, the lesser included offense of battery, a petty misdemeanor, and he was sentenced to 90 days on each count, to be served consecutively.

The defendant appealed to the district court where he requested, but was denied, a jury trial. He was tried by the court and was convicted and sentenced to six months on each original count (criminal damage to property and battery), to be served concurrently. He appeals, contending first that an accused is entitled to a trial by jury in all cases where the aggregate penalty authorized by statute is in excess of six months. Secondly, he claims that the trial court erred in refusing to permit his inspection of the recommendations contained in a presentence report.

Defendant argues first that a jury trial is required by the Sixth Amendment of the United States Constitution where a defendant is on trial for multiple offenses, each of which individually has a statutory penalty of less than six months, but where the potential aggregate penalty exceeds six months imprisonment. *Codispoti v. Pennsylvania*, 418 U.S. 506, 94 S.Ct. 2687, 41 L.Ed.2d 912 (1974). However, the real issue presented is whether, after a trial by jury in magistrate court, one is entitled to a jury in a trial de novo in district court. He is not so entitled. *City of Clovis v. Dendy*, 35 N.M. 347, 297 P. 141 (1931); *See Ludwig v.*

*Massachusetts*, 427 U.S. 618, 96 S.Ct. 2781, 49 L.Ed.2d 732 (1976). Under the procedure attacked herein, the defendant was afforded two opportunities to avoid a conviction in a hearing of facts—the first by a jury and the second by a judge. Such a system is acceptable if, in the de novo proceedings, the defendant does not face exposure to a sentence that is longer than the sentence received in the magistrate court. *See Baldwin v. New York*, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970); *Ludwig, supra.*

Clearly, according to *Baldwin*, whenever a defendant is exposed to a term of confinement of over six months, he is entitled to a jury. It makes no difference that this exposure is in the context of a de novo trial. However, if the judge in the de novo hearing is not empowered to sentence anew or if he is prohibited from enhancing the earlier penalty, then a jury need not be afforded. In this instance it can truly be said that the de novo appeal is an appeal proceeding with a second opportunity for the defendant to present a factual defense. In this context, the defendant is not entitled to two jury trials.

Defendant argues that under *City of Farmington v. Sandoval*, 90 N.M. 246, 561 P.2d 945 (Ct.App.1977), he could receive a greater sentence when he appealed and was, therefore, entitled to a jury trial de novo in district court. Reliance on that case is misplaced. *City of Farmington v. Sandoval, supra*, deals with an appeal from a municipal court and not a magistrate court. Our statutory provisions for those two courts are different. For appeals from the municipal courts, § 35–15–8, N.M.S.A. 1978, provides for the imposition of "the same, a greater, or a lesser penalty as that imposed in the municipal court." However, the corresponding provision governing appeals from the magistrate courts, § 35–13–2, N.M.S.A.1978, is silent as to penalty.

The history of this section gives an indication as to how this gap should be filled. Section 36–15–3, N.M.S.A.1953 (1968 N.M. Laws, ch. 62), provided for "the same or a

---

1. The statutory penalty for the first count is imprisonment for a term not to exceed six months, and for the second, imprisonment for a term not to exceed a year.

lesser penalty", but in 1975, language similar to that of the section dealing with municipal courts was adopted: "the same, a greater, or a lesser penalty as that imposed in the magistrate court." 1975 N.M.Laws, ch. 212. However, two days later, following the same legislative session, our present version of the section which is silent as to penalty, was approved by the Governor. 1975 N.M.Laws, ch. 242. In light of this history, we cannot treat appeals from magistrate courts in the same way as those from municipal courts; nor, with the intentional removal of the language which permitted it, can we conclude that on appeal the district court can impose a greater penalty than that imposed in magistrate court. *See State v. Prince*, 52 N.M. 15, 189 P.2d 993 (1948). Because the district court has only limited jurisdiction on appeals from the magistrate courts, *see Barruel v. Irwin*, 2 N.M. 223 (1882), there must be expressed statutory authorization for every action taken by a district judge in de novo appeals. *Compare, State v. Mann*, 94 N.M. 276, 609 P.2d 723, 1980.

More significantly, in this case the jury had acquitted the defendant of the greater offense of aggravated battery and convicted him only of the lesser included offense of battery. Even under *State v. James*, 93 N.M. 605, 603 P.2d 715 (1979), defendant could not be put in jeopardy again for aggravated battery after a jury had acquitted him of that degree. *See State v. Tanton*, 88 N.M. 333, 540 P.2d 813 (1975).

Finally, we address ourselves to the claim that the defendant is entitled to the entire presentence report. Defendant's claim is that under N.M.R.Crim.P. 56(b), N.M.S.A. 1978, the trial court erred in withholding from him the portions of the probation department's presentence report which contained its specific recommendations. Next, he claims that under *Gardner v. Florida*, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), he is entitled even to "confidential materials" in the presentence report.

Although affidavits from defense counsel and another attorney appear in the court file forwarded on appeal which purport to establish a prior request to the judge for the full presentence report, we have said

that statements of defendant or his counsel do not establish the record. *State v. Lord*, 91 N.M. 353, 573 P.2d 1208 (Ct.App.1977). However, because the right to inspect the presentence report is a right granted by Rule 56(b), it is a matter that should be discussed.

■ A defendant has to be allowed to effectively challenge the reliability of material information about him introduced at a dispositional hearing. *U. S. v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *see State v. Montoya*, 91 N.M. 425, 575 P.2d 609 (Ct.App.1978). However, there is no claim that information was withheld from defendant. Rather, he claims that he should know the recommendations of the probation office.

Initially we note that such disclosure is not constitutionally mandated. *Gardner v. Florida, supra,* applies only to capital punishment cases and concerned withheld information as opposed to mere recommendations when the confidential information was never sent up to the reviewing court. In those three significant ways, this case is different.

Good policy reasons exist to keep this recommendation confidential. First, it aids the court in terms of uniformity and equal sentencing—the probation office being a repository of information to achieve the goal of making the punishment fit the crime in each case. Second, if a judge treats a defendant in a manner more lenient than that recommended, the probation office may encounter difficulty in supervising that individual as a probationer or a parolee. Third, the person who would benefit most from disclosure of the information would be counsel. He could prepare or not, depending on what recommendation is given. Counsel should always be prepared to do his best to aid his client at sentencing.

Finally, in regard to concerns that the trial court might abuse the process without full disclosure—in our view, this concern is removed when the entire report is available, as in other in-camera inspections, for this court to review. *See* N.M.R.Evid. 510(c), N.M.S.A.1978; *compare State v. DeBarry,*

86 N.M. 742, 527 P.2d 505 (Ct.App.1974); *State v. Pohl*, 89 N.M. 523, 554 P.2d 984 (Ct.App.1976).

In the instant case, the entire report forwarded to this Court discloses factual summaries with the recommendation. All this information is contained in the portion of the presentence report which the defendant's attorney reviewed. Under these facts we see no Rule 56 or due process violation when the trial judge refused to show the recommendation of the probation department to counsel.

 In conclusion, we hold that the district judge may not enhance the sentence received in magistrate court, and that under Rule 56(b), the trial court may withhold the portions of the probation department presentence report which contains its specific recommendations. The recommendations are confidential.

The defendant's conviction is affirmed, however, we remand to the district court for proper sentencing.

IT IS SO ORDERED.

HENDLEY and WALTERS, JJ., concur.