STATE OF HAWAII, Plaintiff-Appellee, *v.* TODD AVERY PAAAINA, Defendant-Appellant, and JONATHAN KALEI PAAAINA and JOHN NABARRO, Defendants

(CRIMINAL NO. 56134)

NO. 9721

OCTOBER 15, 1984

LUM, C.J., NAKAMURA, PADGETT,
HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY HAYASHI, J.

On September 21, 1981, defendant Todd Avery Paaaina (Paaaina), was indicted for Promoting Prison Contraband in the First Degree, in violation of Hawaii Revised Statutes (HRS) § 710-1022(1)(b) (1976). After a jury trial, Paaaina was found guilty as charged. Paaaina appeared before the trial judge for sentencing on January 19, 1984. Pursuant to HRS § 706-601 (1976), the trial judge had received a pre-sentence diagnosis and report. A confidential letter containing the probation officer's sentencing recommendation had also been sent to the trial court. The pre-

sentence report, but not the letter had been made available to Paaaina and his attorney. At the outset of the sentencing portion of the proceeding, Paaaina requested that the probation officer's recommendation letter be made available to the parties. The court denied defendant's request and heard arguments regarding his sentencing. Following arguments, Paaaina was sentenced to ten years imprisonment; five years of which were to be served consecutively to any sentence being served at the time. The court then ordered the recommendation letter be sealed and made a part of the record. Paaaina appeals only from the sentencing portion of the proceedings below.

The only issue on appeal is whether a defendant has a statutory or constitutional right to examine the probation officer's confidential recommendation letter.

## I.

HRS § 706-604(2) (1976) states,

[t]he court shall furnish to the defendant or his counsel and to the prosecuting attorney a copy of the report of any pre-sentence diagnosis or psychiatric or other medical examination and afford fair opportunity, if the defendant or the prosecuting attorney so requests, to controvert or supplement them.

Paaaina claims that the probation officer's recommendation letter is a part of the pre-sentence diagnosis and report. Paaaina's claim is without merit.

Nowhere in HRS §§ 706-601 to -604 does it mention that the probation officer's recommendation must be made available to defendants. In *State v. Haar,* 94 N.M. 539, 612 P.2d 1350 (1980), *cert. denied,* 449 U.S. 1063, the New Mexico Court of Appeals held that the probation officer's sentencing recommendation would not be made available to the defendant. The *Haar* court held that good policy reasons favored keeping the recommendation confidential. The court said:

[f]irst, it aids the court in terms of uniformity and equal sentencing — the probation office being a repository of information to achieve the goal of making the punishment fit the crime in each case. Second, if a judge treats a defendant in a manner more

lenient than that recommended, the probation office may encounter difficulty in supervising that individual as a probationer or a parolee. Third, the person who would benefit most from disclosure of the information would be counsel. He could prepare or not, depending on what recommendation is given. Counsel should always be prepared to do his best to aid his client at sentencing.

*Id.* at 541, 612 P.2d at 1352.

Similarly, the federal government makes the report but not the recommendation available to the defendant. Fed. R. Crim. P. 32(c)(3)(A); *United States v. Howard-Arias,* 679 F.2d 363, 367 (4th Cir. 1982), *cert. denied,* 459 U.S. 874. We likewise hold that defendants do not have a right to examine the probation officer's recommendations under HRS § 706-604.

Paaaina also claims that he has a right to examine the probation officer's sentencing recommendations under article I, § 5 of the Hawaii constitution and the Fourteenth Amendment of the U.S. Constitution. Paaaina relies on *Gardner v. Florida,* 430 U.S. 349 (1977). *Gardner,* a plurality opinion, held that a defendant could not be sentenced to death based on secret information. *Gardner* is distinguishable on two bases. First, the *Gardner* decision to prohibit secret information relied substantially on the severity and finality of the death penalty. Since Paaaina could not be subject to the death penalty, *Gardner* is inapplicable. More importantly, *Gardner* is distinguishable because it deals with the disclosure of factual information and not of recommendations.

While a defendant has a constitutional right to be sentenced based on accurate information, *Roberts v. United States,* 445 U.S. 552, 556 (1980); *United States v. Ching,* 682 F.2d 799, 801 (9th Cir. 1982), the Constitution does not require that all information must be disclosed to defendants. *Fernandez v. Meier,* 432 F.2d 426, 427 (9th Cir. 1970); *see* Fed. R. Crim. P. 32(c)(3)(A). Since some significant factual information may constitutionally be denied defendants, *a fortiori,* simple recommendations need not be made to defendants. Given the lesser standard of due process in sentencing proceedings, *United States v. Robelo,* 596 F.2d 868, 870 (9th Cir. 1979), there is no U.S. constitutional right to access to the probation officer's recommendations. Similarly, we find no state constitutional right.

## II.

Paaaina also claims that the probation officer's confidential recommendation letter may have contained factual information that was not provided to him. HRS §§ 706-602 and 706-604 clearly contemplate that a defendant *will have access to all factual information used in sentencing.* Therefore, it is incumbent upon the probation officer to carefully draft the recommendation letter and it should be based only on facts contained in the pre-sentence report. If the judge finds new factual information in the recommendation letter, it is incumbent upon the judge to make it available to the defendant.

In the present case, we have reviewed the pre-sentence report and the probation officer's recommendation letter and have determined that the recommendation was made based only on facts contained in the pre-sentence report. Affirmed.

*John Ashford Thompson (Earle A. Partington* with him on the briefs; *Schweigert & Associates* of counsel) for defendant-appellant.

*Shirley Smith, (Arthur E. Ross, Alexandria Chinn* with him on the brief) Deputy Prosecuting Attorneys, for plaintiff-appellee.